IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

EDWARD JAMES MOTTON,

      Plaintiff,                    No. CIV S-00-1894 FCD DAD P

      vs.

MANUEL GUADERRAMA,

      Defendant.              <u>ORDER</u>

_____/

        Plaintiff is a state prisoner who filed a pro se complaint for relief pursuant to 42 U.S.C. § 1983 on August 31, 2000. Plaintiff did not respond to the court's September 11, 2000 order requiring him to file a properly completed in forma pauperis application. Nor did he respond to the magistrate judge's October 26, 2000 recommendation that this action be dismissed without prejudice. The case was dismissed and judgment was entered on December 4, 2000. Plaintiff did not file a notice of appeal or any other document in this case until October 12, 2006. Almost six years after the case was closed, plaintiff has filed an untitled document in which he speaks of an appeal and refers to Rules 60(b) and 59(e) of the Federal Rules of Civil Procedure.

        Rule 59(e) provides that "[a]ny motion to alter or amend a judgment shall be filed no later than 10 days after entry of the judgment." Fed. R. Civ. P. 59(e). To the extent that

1

1 | plaintiff seeks relief pursuant to Rule 59(e), his request is untimely and must be denied.

2 |       Rule 60(b) provides as follows:

> On motion and upon such terms as are just, the court may relieve a party . . . from a final judgment, order, or proceeding for the following reasons:  (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.  The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken. . . .

Fed. R. Civ. P. 60(b).  Rule 60(b) motions are addressed to the sound discretion of the district court.  See Yusov v. Yusuf, 892 F.2d 784, 787 (9th Cir. 1989); Thompson v. Housing Auth. of Los Angeles, 782 F.2d 829, 832 (9th Cir. 1986); Savarese v. Edrick Transfer & Storage, 513 F.2d 140, 146 (9th Cir. 1975); Rodriguez v. Bowen, 678 F. Supp. 1456, 1457 (E.D. Cal. 1988).

      Plaintiff's Rule 60(b) motion is barred with respect to reasons (1), (2), and (3) because the motion has been filed more than one year after judgment.  Plaintiff has not demonstrated that reason (4) or reason (5) has any application to this case.  With regard to reason (6), plaintiff's motion has not been made within a reasonable time and presents no basis for relief from a judgment that resulted from his own failure to respond to court orders.

      The court finds no basis for relief from judgment.  Accordingly, IT IS HEREBY ORDERED that plaintiff's October 12, 2006 motion is denied.

DATED: October 31, 2006

                                         FRANK C. DAMRELL, JR.
                                         UNITED STATES DISTRICT JUDGE